People v Pressley (2024 NY Slip Op 51372(U))

[*1]

People v Pressley

2024 NY Slip Op 51372(U)

Decided on September 30, 2024

Justice Court Of The Town Of Clarkstown, Rockland County

Bongiorno, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 30, 2024
Justice Court of the Town of Clarkstown, Rockland County

The People of the State of New York

against
Eric Pressley, Defendant.

Docket No. 24060333

For the People: Thomas E. Walsh II, District Attorney of Rockland County (by ADA Katherine Crispi)
For Defendant: James D. Licata, Rockland County Public Defender (by Jessica Fein, Esq.)

Michael E. Bongiorno, J.

Defendant is charged with two counts of operating a motor vehicle while under the influence of alcohol (VTL §§ 1192.2 and 1192.3), unclassified misdemeanors, the "A" misdemeanors of resisting arrest (PL § 205.30), unlawful fleeing a police officer in a motor vehicle in the third degree (PL § 270.25), obstructing governmental administration in the second degree (PL § 195.05), and numerous traffic infractions. By Motion to Dismiss, dated July 18, 2024, Defendant challenges the People's Certificate of Compliance ("COC") and Statement of Readiness ("SOR"), and seeks dismissal for deprivation of his right to a speedy trial pursuant to CPL § 30.30, CPL § 30.20, the Sixth Amendment of the United States Constitution and Due Process Clauses of the United States and New York State Constitutions. The People oppose the motion, filing a Response dated August 2, 2024.
For the reasons set forth, the motion to invalidate the People's COC is Granted, and the motion to dismiss the charges is Granted pursuant to CPL § 30.30. Defendant's motion to dismiss on constitutional speedy trial grounds and pursuant to CPL § 30.20 is DENIED.
PROCEDURAL HISTORY
Defendant was arrested on February 18, 2024, and charged with two counts of operating a motor vehicle while under the influence of alcohol (VTL §§ 1192.2 and 1192.3), unclassified misdemeanors, resisting arrest (PL § 205.30), unlawful fleeing a police officer in a motor vehicle in the third degree (PL § 270.25), obstructing governmental administration in the second degree (PL § 195.05), and numerous traffic infractions.
By way of appearance ticket, Defendant's arraignment was scheduled for March 6, 2024. The Court arraigned Defendant on March 6, 2024, and adjourned the case at the People's request to April 1, 2024, for the People to provide discovery to Defendant and file a COC. The Court adjourned the case, all at the People's request for the People to provide discovery and file a COC, [*2]to April 29, 2024, and then May 29, 2024. On May 29, 2024, the People filed and served a COC in Court, and the Court adjourned the case to June 24, 2024, for a CPL § 30.30 (5) readiness inquiry. On June 18, 2024, Defendant filed written objections to the People's COC and SOR. On June 24, 2024, the Court conducted an inquiry in which Defendant further delineated his challenges to the prosecution's COC and SOR. The Court set a motion schedule with Defense motions due by July 12, 2024, the People to respond by July 26, 2024, and the Defense to reply by August 2, 2024. On July 12, 2023, the People filed an affirmation in opposition to Defendant's challenge to the People's COC and SOR and a Supplemental Certificate of Compliance ("SCOC"). Defendant filed his motion, and the People responded. Defendant did not file a Reply. The case has been adjourned for decision on Defendant's motion.
Defendant raised numerous challenges to the COC, including that the People failed to provide: (1) a witness list; (2) all police reports; (3) police body-worn camera footage ("BWC") and recordings of police radio runs, (4) sufficient breath test machine documents, including weekly maintenance logs, gas chromatography, simulator solution (also known as the "reference sample") documentation, and maintenance records, and (5) police impeachment material, pursuant to CPL § 245.20 (1)(k) for the prior law enforcement employment of Deputy Sheriff Rowe ("Rowe") and Deputy Sheriff Green ("Green"), and for Sgt. Meyers ("Meyers").

VALIDITY OF THE PEOPLE'S CERTIFICATE OF COMPLIANCE AND STATEMENT OF READINESS
Under CPL § 245.20 (1), "the prosecution shall disclose to defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to" the items listed in CPL § 245.20 (1)(a) — (u). All items and information related to the prosecution in the possession of any New York state or local police or law enforcement agency shall be deemed in possession of the prosecution. CPL § 245.20 (2). Additionally, the prosecution must "ensure that a flow of information is maintained between the police and other investigative personnel and his or her office 
...." CPL § 245.55 (1).
Unless the Court makes an "individualized finding of special circumstances"[FN1]
the People shall not be deemed ready for trial until they have filed a proper COC pursuant to CPL § 245.50 (1). People v. Bay, 41 NY2d 200, 209-210 (2023); CPL § 245.50 (3). Under CPL § 245.50 (1), the key question in determining if the People filed a proper and valid COC is whether the prosecution has "exercise[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of information subject to discovery." CPL § 245.50 (1); Bay, 41 NY2d at 211; see also CPL § 245.20 (2). "Due diligence" is a flexible standard that requires the People "to make reasonable efforts" to comply with the statutory directives. Bay, Id. "Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery." Id. at 212. The People must exercise due [*3]diligence and make reasonable inquiries prior to filing a COC and SOR. Although belated disclosure will not necessarily establish a lack of due diligence or render an initial COC improper, post-filing disclosure and a SCOC cannot compensate for a failure to exercise diligence before the initial COC is filed. Id. Should a defendant challenge the validity of a COC and SOR, the People bear the burden of establishing that they exercised due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. Id. at 213; People v. Guzman, 75 Misc 3d 132(A) (App. Term, 2d Dept. 9 & 10 Jud. Dist. 2022).
The defense must "notify or alert" the prosecution "as soon as practicable" of any defects or deficiencies relating to the COC, and any challenges relating to the sufficiency of the COC or SCOC shall be addressed by motion. CPL § 245.50 (4). Both parties are also required to "diligently confer" to resolve any dispute concerning discovery. CPL § 245.35 (1).
(1) Witness List
The People provided a sufficient witness list in their COC, listing Rockland County Sheriff's Office ("RCSO") deputies Rowe and Green. The People exercised the requisite due diligence regarding the witness list.
(2) Police Reports
Defendant objects that the prosecution, prior to filing its initial COC, failed to provide police paperwork, including an incident report and some police arrest paperwork. The People concede that while some police reports had been timely provided, they did not provide an incident report and other arrest paperwork until July 2, 2024, when, in response to Defendant's challenges, they provided substantial previously missing material. The failure of the People to provide fundamental and routine police reports, in this case an incident report and other arrest paperwork, constitutes an absence of due diligence and reasonable inquiry before the filing of the COC. In Bay, 41 NY3d at 215, the Court of Appeals found a lack of due diligence where the prosecution failed to disclose "routinely produced disclosure material," including in that case a Domestic Incident Report ("DIR"). 
The People's July 12, 2024, SCOC failed to detail the basis, as required by CPL § 245.50 (1-a), for the delayed disclosure so that the Court could determine whether the delayed disclosure impacted the propriety of the original COC. In their Response the only explanation offered for the late disclosure is that the RCSO did not provide the reports until the prosecution repeatedly requested it following Defendant's written objections. It appears that the People depended on whatever discovery the RCSO provided without inquiring further until after Defendant's COC challenge. Where, as here, the People fail to detail in an SCOC or otherwise what their efforts were to obtain delayed or missing discovery material prior to filing a COC, their compliance burden, as articulated in Bay, is unmet and their COC/SCOC and associated SORs are illusory and invalid. People v. Wharton, — Misc 3d —, 2024 WL 4096829 (App. Term, 2d Dept, 2, 11 & 13 Jud. Dist. 2024) (COC improper where record bereft of information as to whether People, prior to filing COC, made reasonable inquiries and exercised due diligence for late disclosed discovery material); see also People v. Barrios, 82 Misc 3d 606 (Crim. Ct., Bronx. County 2024); People v. Shar, 82 Misc 3d 1251(A) (Crim. Ct, Richmond Co. 2024); People v. Mohammed, 82 Misc 3d 1209(A) (Dist. Ct., Nassau Co. 2024); People v. Hernandez, 81 Misc 3d 1201(A) (Crim. Ct., Bronx. County 2023); People v. Markovtsii, 81 Misc 3d 225 (Crim. Ct., Kings Co. 2023).
Given these circumstances, and as set forth in further detail infra, the Court finds the People failed to exercise due diligence and make reasonable inquiries to obtain the police [*4]incident report and other arrest paperwork, and thus their COC, SCOC and SOR are invalid. Id.
(3) Body-Worn Camera Footage
There is no dispute that the People did not locate body-worn camera ("BWC") footage from Greene and Rowe before filing their COC, an error the People admit. It was only after Defendant's challenge that the People provided the BWC videos in a June 28, 2024, discovery upload (and after the Court set a motion schedule on June 24, 2024). In their SCOC the People once again failed explain the reason for the late disclosure as required by CPL § 245.50 (1-a). Rather than explaining the failure to provide the BWC footage, the People argue in their Response that they acted expeditiously once alerted to the absence of the BWC videos. The People also argue that the late disclosure did not prejudice Defendant.
What the People have not done is demonstrate they exercised due diligence and made reasonable inquiries as to the BWC footage before filing their initial COC. The record is devoid of any effort to inquire as to the existence of the BWC footage even though the RCSO has used body cameras for years and BWC footage has been provided in other RCSO cases. Additionally, the People are deemed to be in constructive possession of the BWC videos. People v. Horton, 83 Misc 3d 1283(A) (Sup. Ct., Kings Co. 2024) (due diligence not established where People failed to explain why photos of complainant's injuries taken by police not disclosed); CPL § 245.20 (2). Here, the People's submissions only establish that after they became of the BWC footage's existence, they promptly sought the footage and provided it to Defendant. As the Court of Appeals stated in Bay, "post-filing disclosure and a supplemental COC cannot compensate for a failure to exercise diligence before the initial COC is filed." Bay, 41 NY3d at 212. Moreover, numerous cases have specifically held that the prosecution's failure to provide an adequate explanation for its failure to provide BWC footage  or to submit proof that they attempted to obtain the footage before filing their COC  invalidates a COC. People v. Baker, 229 AD3d 1324 (4th Dept. 2024) (failure to exercise due diligence where People only sought to obtain discovery material — including BWC footage — after being made aware of the materials' existence); see also People v. Luciano, 83 Misc 3d 1273(A) (Yonkers City Ct. 2024); People v. Nesbitt, 81 Misc 3d 907 (Buffalo City Ct. 2023); People v. Hooks, 78 Misc 3d 398 (Crim. Ct., Kings Co. 2023); People v. Hughes, 79 Misc 3d 1235(A) (Crim. Ct., Richmond Co. 2023). Consequently, the People's failure to detail in an SCOC or otherwise what steps they took to obtain delayed or missing discovery material prior to filing their initial COC demonstrates a lack of due diligence. Bay, 41 NY3d at 212; People v. Wharton, supra; People v. Luna, 211 N.Y.S.3d 734 (App. Term, 2d Dept. 9 & 10, Jud. Dist. 2024).
Additionally, BWC footage is highly probative and in a case such as this — a driving while intoxicated investigation combined with a suspect fleeing the scene and resisting arrest — constitutes some of the best evidence available.[FN2]
All the prosecution needed to do was speak to the arresting officer to learn of the BWC footage. See People v. LaClair, 79 Misc 3d 8, 11 (App. Term, 2d Dept., 9 & 10 Jud. Dist. 2023). Not providing such essential and obvious discoverable material demonstrates a fundamental lack of due diligence and reasonable inquiry. People v. Mitchell, 228 AD3d 1250, 1257 (4th Dept. 2024). Thus, the People's failure to exercise due diligence and make reasonable inquiries as to the existence of BWC footage renders their COC and SCOC invalid, and SOR illusory. 
[*5](4) Breath Machine Documentation
Defendant insists that the People have not provided the breath operator's permit or all the calibration records for the breath machine. The People assert they provided those materials in May 29, 2024, and July 9, 2024, electronic discovery uploads. Cryptically, the People add in their Response that a wider scope of breathalyzer and simulator solution tests are publicly available, and that the Rockland County Public Defender's Office is aware of this public availability.
The Court is unable to determine, based on the submissions of both parties, if all the breath machine documents had been provided or if the People exercised due diligence and made reasonable inquires as to those materials. The Court finds the prosecution's reference to a publicly available website to be legally insufficient compliance; rather, the People must provide Defendant with the discoverable documentation, electronically or otherwise. If the prosecution refers a defense attorney to an electronic discovery portal managed by an outside law enforcement agency, they have an obligation to check the site to determine that the required discovery material is located there. Unfortunately, it also appears the parties did not diligently confer regarding the allegedly missing discovery material. This failure to confer is a continuing problem regarding breathalyzer documents. Ultimately, it is incumbent on the People to establish they exercised due diligence and made reasonable inquires to obtain and disclose discovery material. Bay, 41 NY2d at 213; People v. Guzman, supra. The People have not met this burden of proof or convinced the Court that all the breath machine calibration records had been disclosed prior to the filing of the COC or that they exercised requisite due diligence to obtain and disclose those records. 
(5) Impeachment Material for Non-Testifying Sgt. Meyers and Historical Impeachment 
Material for Sheriff's Deputies Rowe and Green
Pursuant to CPL 245.20 (1)(k), Defendant claims he is entitled to disciplinary records and other potential impeachment material (often referred to as "Giglio"[FN3]
material) for non-testifying Sgt. Meyers. The Court adheres to the view that the prosecution is not required under CPL § 245.20 (1)(k) to obtain and disclose disciplinary records and other potential impeachment material for non-testifying police officers. People v. Cooperman, 225 AD3d 1216 (4th Dept. 2024); People v. Bienaime, 83 Misc 3d 1265(A) (Crim. Ct., Kings County 2024). The Court rejects the invitation of the defense to extend the People's obligation to provide Giglio material to Meyers, especially since there is no claim or indication Meyers played an integral role in the arrest and/or investigation of the incident such that disclosure would be warranted under the other subdivisions of CPL § 245.20 (1)(k). People v. Jawad, — Misc 3d —, 2024 WL 4096833 (App. Term, 2d Dept., 2, 11 & 13 Jud. Dist. 2024). The Court also declines to invalidate the COC on the basis that the People did not supply impeachment materials for the non-testifying Meyer given the confusion caused by contradictory and inconsistent court rulings. See People v. Earl, — Misc 3d —. 2024 WL 4097245 (App. Term, 2d Dept. 2, 11 & 13 Jud. Dist. 2024); [*6]People v. Jawad, supra.
Defendant also claims that under CPL § 245.20 (1)(k) he is entitled to disciplinary records and other potential impeachment material from prior law enforcement agencies that employed Rowe and Green, and that the prosecution did not provide those materials before filing their COC. CPL § 245.20 (1)(k)(iv) provides the People shall automatically disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including [a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to impeach the credibility of a testifying prosecution witness"(emphasis added).
Courts at both the appellate and trial level have reached contradictory and inconsistent rulings on whether past substantiated and unsubstantiated police disciplinary records are discoverable. Most appellate courts have held that the "subject matter of the case" only applies to Giglio material derived from the case at bar; under this view, historical impeachment material, including past disciplinary records, are not related to the "subject matter of the case." See People v. McCarty, 221 AD3d 1360, 1362 (3d Dept. 2023); People v. Johnson, 218 AD3d 1347, 1350 (4th Dept. 2023); People v. Fuentes, 81 Misc 3d 136(A) (App. Term, 2d Dept., 9 & 10 Jud. Dist. 2023); People v. Weisman, 81 Misc 3d 129(A) (App. Term, 2d Dept., 9 & 10 Jud. Dist. 2023); People v. Earl, supra. Other cases have held that the "subject matter of the case," as intended by the legislature, applies to all past impeachment material, including historical police disciplinary records. People v. Hamizane, 80 Misc 3d 7 (App. Term, 2d Dept., 9 & 10 Jud. Dist. 2023); People v. Gourdine, 83 Misc 3d 1264(A) (Crim. Ct., Kings County 2024); People v. Bienaime, supra; People v. Clark, — Misc 3d —, 2024 WL 4231658 (Dist. Ct., Nassau Co. 2024); People v. Caldiero, 83 Misc 3d 1218(A) (Crim. Ct., Queens Co. 2024); People v. Mohammed, supra.
Given the confusing and unsettled split in court rulings, the Court finds the People exercised sufficient due diligence and made reasonable inquiries as to Rowe's and Green's prior employment disciplinary records. The parties are advised, however, that the Court, until this issue is resolved by the appellate courts, subscribes to the view that all pending disciplinary actions, and historical substantiated and unsubstantiated allegations, are discoverable under CPL 245.20 (1)(k).
(6) Due Diligence
When considering all the prosecution's discovery lapses, and considering all the factors set forth in Bay, the Court finds the People failed to exercise due diligence and make reasonable inquiries prior to filing their initial COC. This was a simple case with a short investigation that produced a limited and manageable quantity of discoverable material. Still, the People failed to establish due diligence and reasonable inquiries as to routine police reports, breath machine calibration records, and important BWC videos. The People's disclosure of various other discovery materials is, under the circumstances of this case, insufficient to establish that they exercised due diligence and made reasonable inquiries to identify all mandatory discovery items. Mitchell, 228 AD3d at 1257. The failure to produce these routine and essential discovery materials would have been readily apparent to a prosecutor exercising due diligence, and the failure of the prosecution to recognize this constitutes a lack of due diligence. Id. In view of the foregoing, the People failed to establish they exercised due diligence and made reasonable inquiries before filing their COC and, consequently, the People's COC and SCOC are invalid, [*7]and their SOR is illusory and invalid.

SPEEDY TRIAL CALCULATION
The People repeatedly argue that Defendant suffered no prejudice because of their discovery lapses. As the Court of Appeals has made clear, a defendant need not demonstrate prejudice to obtain a speedy trial dismissal based on the failure of the People to timely comply with their discovery obligations as CPL § 30.30 requires dismissal if the People did not file a proper COC and the speedy trial period has run. Bay, 41 NY3d at 214; People v. Luna, supra. Once the defendant has alleged that more than the statutorily prescribed period has elapsed since the commencement of the action, the prosecution bears the burden of establishing sufficient excludable delay. People v. Berkowitz, 50 NY2d 333, 349 (1980).
This case commenced for speedy trial purposes when the Court arraigned Defendant on March 6, 2024, following the police issuing an appearance ticket at the time of his February 18, 2024, arrest. People v. Stirrup, 91 NY2d 434 (1998); CPL § 30.30 (7)(b). Pursuant to CPL § 30.30 (1)(b), since Defendant's top initial charge was an "A" misdemeanor, the prosecution was required to be ready for trial within ninety (90) days of commencement of the criminal action. That 90-day period expired on June 4, 2024.
Following Defendant's arraignment, the Court adjourned the case to April 1, 2024, April 29, 2024, May 29, 2024, and June 24, 2024, for discovery, the filing of a COC, and a COC inquiry. On June 24, 2024, the Court, set a motion schedule.
The People are charged with all speedy trial time from March 6, 2024, to June 24, 2024, a period of 110 days. If the People had filed a valid COC and SOR on May 29, 2024, the speedy trial clock would have stopped. However, as set forth above, the People's COC was invalid and SOR illusory and invalid, and thus the speedy trial clock continued to run until the Court set a motion schedule on June 24, 2024. See CPL § 30.30 (4)(a). Consequently, Defendant's motion to dismiss is GRANTED and all charges are dismissed, including all traffic infractions. CPL § 30.30 (1)(e).

MOTION TO DISMISS PURSUANT TO CPL § 30.20, THE UNITED STATES CONSTITUTION, AND NEW YORK STATE CONSTITUTION
Defendant seeks dismissal for deprivation of his right to a speedy trial pursuant to CPL § 30.20, the Sixth Amendment of the United States Constitution and Due Process Clauses of the United States and New York State Constitutions. The factors to be considered are set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182 (1972); People v. Wiggins, 31 NY3d 1 (2018); People v. Taranovich, 37 NY2d 442 (1975) as follows: (1) extent of delay; (2) reason for delay; (3) nature of underlying charge; (4) extent of pretrial incarceration; and (5) whether the defense is impaired by the delay. Weighing these factors, Defendant's constitutional and due process rights to a prompt and speedy trial have not been violated and his motion to dismiss the charges on those grounds in DENIED.
The foregoing constitutes the Decision and Order of the Court.
Dated: September 30, 2024
New City, New York
HON. MICHAEL E. BONGIORNO
Clarkstown Justice

Footnotes

Footnote 1:The People made no special circumstances application in his case.

Footnote 2:According to Defendant, the two BWC videos are almost three (3) hours in length.

Footnote 3:In Giglio v. United States, 405 US 150 (1972), the Supreme Court held the government must disclose evidence that may be used to impeach one of its witnesses. In this context, "Giglio" material refer to information related to police misconduct. People v. Gourdine, 83 Misc 3d 1264(A) (Crim. Ct., Kings County 2024); see also People v. Figueroa, 76 Misc 3d 888 (Crim. Ct., Bronx County 2022).