People v Balogun (2025 NY Slip Op 51231(U))

[*1]

People v Balogun

2025 NY Slip Op 51231(U)

Decided on August 4, 2025

Criminal Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 4, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Demilade Balogun, Defendants.

Docket No. CR-051549-24KN

Tehilah H. Berman, J.

The issue is whether the People's failure to produce underlying records for the following police officer misconduct allegations renders their certificate of compliance ("COC") invalid: Allegations of "abuse-search of premise" which were deemed "exonerated," allegations of "abuse-stop" where the disposition was "complainant unavailable," and the substantiated allegation that a police officer failed to prepare a memo book entry.
On December 4, 2024, defendant Demilade Balogun ("defendant") was arraigned on a felony complaint charging him with aggravated unlicensed operation of a motor vehicle in the first degree [VTL 511((3)(a)(ii)], a class E felony, and the following misdemeanors: 1) aggravated unlicensed operation of a motor vehicle in the third degree [VTL 511(1)(a)], and 2) aggravated unlicensed operation of a motor vehicle in the second degree [VTL 511(2)(a)(iv)]. Defendant was also charged with unlicensed operator [VTL 509(1)], a violation. Defendant's license was suspended pending prosecution. On January 28, 2025, the felony charge was dismissed, a superseding information was filed, and defendant was arraigned on the superseding information containing only misdemeanor charges. The highest remaining charge was VTL 511(2)(a)(iv), with a term of imprisonment of up to 180 days. The people filed and served a COC and statement of readiness ("SOR") on April 16, 2025. 
Defendant moves to dismiss the complaint on the grounds that: 1) The People failed to provide "underlying Giglio [FN1]
 materials" for Police Officers Dominick Scotto (the arresting [*2]officer), Jonathan Miranda, Ileana Feliz, and Jesus Munet, the four officers named in the Notice & Disclosure form, as required by CPL 245.20(1), rendering the People's COC and SOR invalid; and 2) the People were not ready for trial within 90 days of the commencement of the criminal action, as required by CPL 30.30(1)(b) in cases where the top charge has a term of imprisonment up to 180 days.
The People contend that they satisfied their discovery obligations since prior to certifying compliance with their discovery obligation, they disclosed to defendant "letters detailing the misconduct records of each of their testifying officers; " ADA Aziza sent defense counsel all NYPD Internal Affairs Bureau and NYPD Department Advocate documents related to the misconduct allegations detailed in the letters; and the People requested from NYPD additional information with respect to all allegations of misconduct for which they did not have documentation. For the aforementioned reasons, the motion to dismiss is DENIED. 
CPL 245.20(1)(k) provides that the prosecutor must disclose all evidence that "tends to impeach the credibility" of a testifying prosecution witness expeditiously upon its receipt and shall not delay disclosure if it is obtained earlier than the limitation period for disclosure. 
Regarding PO Scott, the allegations were "abuse-search of premise," which were deemed "exonerated." The finding of "exonerated" means that the "the act was legal, proper and necessary." People v. Francis, 74 Misc 3d 808, 821 (Monroe County Sup. Ct. 2022); People v Randolph, 69 Misc 3d 770, 772 (Sup. Ct. Suff. Co. 2020); People v. Polanco-Chavarria, 2021 NY Slip Op 51297(U), 2021 NY Misc. LEXIS 7332,*9 (Rockland County Ct. 2021). Where police misconduct allegations are exonerated, there is "no good faith basis for cross-examination by the defendant's counsel and as such it is not evidence or information that tends to or has an inclination to impeach a police witness." Randolph, supra, 69 Misc 3d at 772 . Indeed, the information would not serve the purpose of impeachment, "a particular form of cross-examination whose purpose is, in part, to discredit the witness and to persuade the fact finder that the witness is not being truthful." People v Smith, 27 NY3d 652, 660 (2016). Nor would an exonerated allegation demonstrate that "the witness has been guilty of prior immoral, vicious or criminal conduct bearing on credibility." Id. Accordingly, the People's failure to produce the underlying records for the exonerated allegation did not render their COC invalid. 
To the extent that the disposition on the allegations against PO Miranda for abuse-stop was "complainant unavailable," the underlying Giglio records could not be used to impeach PO Miranda since the truthfulness and reliability of the misconduct allegations could not be tested at trial through cross-examination. Indeed, "[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." Davis v Alaska, 415 U.S. 308, 316, 94 S Ct 1105, 39 L Ed 2d 347 (1974), Smith, supra, 27 NY3d at 659. Furthermore, with an unavailable witness, it would be impossible to demonstrate that the underlying [*3]misconduct allegations relate to the offenses charged in the instant case or are exculpatory to defendant. Accordingly, the People's failure to provide defendant these underlying records did not render the People's COC invalid.
The substantiated allegation against PO Nunez that he failed to prepare a memo book entry is not probative of his truthfulness or honesty. See, United States v. Clanton, 769 F. Supp. 3d 147, 154-155 (E.D.NY 2024) (IAB substantiated allegation that police officer failed to prepare a memo book entry related to forcibly removing a complainant to the hospital was not probative of the officer's truthfulness or honesty; therefore, court granted government's motion to preclude cross-examination of the substantiated administrative findings against the law enforcement witness); United States v. Agoro, 2024 U.S. Dist. LEXIS 59868, *71 (E.D.NY 2024) (evidence of detective's substantiated or partially substantiated IAB offenses regarding incomplete memo books, failing to properly voucher or safeguard a prisoner's property, creating slightly inaccurate property vouchers, losing department equipment, and failing to timely notify his bureau of his lost department radio "were not probative of truthfulness, let alone so probative thereof that its disclosure likely would have changed the verdict in this case, and thus such evidence was not material within the meaning of Giglio"). Therefore, the underlying Giglio records for this substantiated allegation were not material, as they would not tend to impeach the credibility of a testifying prosecution witness, and were not subject to automatic discovery pursuant to CPL 245.20(1)(k)(iv). Accordingly, this court finds that the People's COC cannot be invalidated on the ground that the People failed to produce these records. 
Since there are no allegations of misconduct against PO Munet, the People's failure to produce Giglio records for him does not invalidate the People's COC. Pursuant to CPL 245.20(2), the duty of the prosecutor is to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under subdivision one of this section and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control." The People cannot disclose materials that do not exist since they are not within their custody and control. People v. Haggan, 2025 NY Slip Op 50266[U], 2025 NY Misc. LEXIS 1070, *7 (Sup. Ct. NY Co. 2025); People v. Brown, 2025 NY Slip Op 25122, , 2025 NY Misc. LEXIS 4504, *1 (Crim. Ct. Kings Co. 2025). 
CPL 30.30 (7) (c) and 180.50 (a) (iii) are the operative provisions in calculating speedy trial time when, in the course of a criminal proceeding, felony charges are dismissed and the only charges remaining are misdemeanors. It provides, in pertinent part:
[W]here a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor's information or misdemeanor complaint pursuant to article one hundred eighty of this chapter , the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument, provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed.
Pursuant to CPL §180.50 (a) (iii), when charges are reduced from a felony to misdemeanor, the original felony complaint is deemed converted to a new "accusatory instrument" when the presiding judge inserts notations upon the original felony complaint "which make the necessary and appropriate changes. . . in the names of the offense or offenses charged." Here the charges were reduced to misdemeanors on January 28, 2025, which was 55 calendar days (well below six months) after defendant was arraigned on the felony matter. Accordingly, the speedy trial time began on January 28, 2025. 
Pursuant to CPL §30.30 (1) (b), since the term of imprisonment for the highest remaining misdemeanor charge of VTL 511(2)(a)(iv) has a term of imprisonment of up to 180 days, the 90-day speedy trial period applies. People v. Hernandez, 84 Misc 3d 10, 12 (App. Term. 2d Dept. 2024). Pursuant to General Construction Law § 20, January 28, 2025, the date of reduction, is excluded from calculating the 90-day period. (See, People v Chavis, 91 NY2d 500, 504 [1998]; People v Stiles, 70 NY2d 765, 767[1987]; People ex rel. Barta v Maginley-Liddie, 227 AD3d 754, 756 [2d Dept. 2024]). Under this calculation, the People filed their COC and SOR 78 days after defendant was arraigned on the misdemeanor information, and satisfied the speedy trial requirements pursuant to CPL § 30.30(1)(b).
For the aforementioned reasons, defendant's motion to dismiss is denied. This constitutes the decision and order of the court.
Dated: August 4, 2025
Kings County, New York
Hon. Tehilah H. Berman
Judge of the Criminal Court

Footnotes

Footnote 1:"Giglio" material refers to information related to police misconduct which may be used to impeach a police witness. People v. Pressley, 2024 NY Slip Op 51372, 2024 NY Misc. LEXIS 8300, *12 (Clarkstown Town Ct. 2024). In Giglio v. United States, 405 US 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), the Supreme Court held that the government must disclose evidence that may be used to impeach any of its witnesses. However, the Giglio obligation mandates only the disclosure of "material impeachment evidence;" "the prosecutor is not required to deliver his entire file to defense counsel." United States v. Agoro, 2024 U.S. Dist. LEXIS 59868, *60 (E.D.NY 2024)